IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL HACK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 16-04089-CV-W-ODS |
| | ) | |
| WARDEN JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND OPINION GRANTING
PETITIONER'S MOTION TO STAY PROCEEDINGS

Pending is Petitioner's Motion to Stay Proceedings. Doc. #15. For the following reasons, the motion is granted.

**I.     BACKGROUND**

In 1996, Petitioner was convicted of first degree murder and sentenced to life without parole. Doc. #1, at 1; Doc. #1-1. When he committed his crime, Petitioner was under the age of eighteen. Doc. #1-3, at 1. His conviction was upheld on direct appeal. Doc. #1, at 1. In 2013, Petitioner filed a petition for writ of habeas corpus with the Missouri Supreme Court, arguing his sentence was unconstitutional pursuant to the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). Doc. #1-3; Doc. #1-4. In *Miller*, the United States Supreme Court held mandatory life imprisonment without parole for those under the age of eighteen at the time of their crimes violated the Eighth Amendment's prohibition on cruel and unusual punishment. 132 S. Ct. at 2463-73.

On March 15, 2016, the Missouri Supreme Court granted Petitioner's petition for writ of habeas corpus and found "petitioner shall be eligible to apply for parole after serving 25 years' imprisonment on his sentence of life without parole unless his sentence is otherwise brought into conformity with *Miller* and *Montgomery* by action of the governor or enactment of necessary legislation." Doc. #1-2, at 2. Thereafter, Petitioner filed a motion for rehearing with the Missouri Supreme Court and also filed a

petition for writ of habeas corpus in this Court. Doc. #1; Doc. #15, at 2. Before this Court, Petitioner argues he was denied due process when the Missouri Supreme Court illegally altered his sentence and upheld his conviction for first degree murder, and he was denied the right to a reasonable opportunity for release. Doc. #1, at 4-8.

In the meantime, on July 13, 2016, a new Missouri law went into effect.

> Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence, regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration on the sentence of life without parole.

Mo. Rev. Stat. § 558.047.1(1). On July 19, 2016, the Missouri Supreme Court, on its own motion and citing the new Missouri law, vacated its March 15, 2016 Order and found Petitioner's motion for rehearing was moot. Doc. #15-2. On September 19, 2016, Petitioner filed a second petition for writ of habeas corpus with the Missouri Supreme Court, arguing the new Missouri law is unconstitutional. Doc. #15-3; Doc. #15-4. Petitioner's second petition for writ of habeas corpus remains pending with the Missouri Supreme Court.

In addition, Petitioner amended his petition in this matter, raising arguments pertaining to the Missouri Supreme Court's July 19, 2016 Order and the new Missouri law. Doc. #20. Petitioner now seeks to stay this proceeding until the Missouri Supreme Court issues a decision on his second petition for writ of habeas corpus.

## II.    DISCUSSION

The enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires petitioners to completely exhaust their state habeas claims before a federal district court may adjudicate those claims. *Rhines v. Weber*, 544 U.S. 269, 274 (2005) (citations omitted). The AEDPA also imposes a one-year statute of limitations on the filing of federal petitions. *Id.* "Although the limitations period is tolled during the pendency of a properly filed application for State post-conviction or other collateral review, the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." *Id.* at 274-75 (citations and internal quotations omitted). Because of the AEDPA's one-year statute of limitations and the exhaustion requirement, some

2

petitioners come to federal court with "mixed" petitions, meaning their petitions include exhausted and non-exhausted claims. *Id.* at 275. If the district court dismisses the petition because it contains non-exhausted claims and the dismissal occurs after the one-year statute of limitations has run, the petitioner would be barred from returning to federal court after exhausting the non-exhausted claims. *Id.* "Thus, whether a petition ever receives federal review of his claims may turn on which district court happens to hear his case." *Id.*

The United States Supreme Court noted that district courts, in an attempt to solve the problem, have chosen to stay such matters and hold them in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Id.* Once those claims are exhausted, the district courts lift the stay and allow the petitioner to then proceed in federal court. *Id.* at 275-76. The United States Supreme Court held the AEDPA "does not deprive district courts" of their authority to issue stays. *Id.*

Here, the enactment of section 558.047.1(1) of the Missouri Revised Statutes as well as Missouri Supreme Court's July 19, 2016 Order have broadened the issues initially raised by Petitioner. And his arguments associated with the new Missouri law, the Missouri Supreme Court's July 19, 2016 Order have not been exhausted at the state level. Until Petitioner's second petition for writ of habeas corpus has been disposed, a stay of the proceedings before this Court is warranted. For these reasons, the Court grants Petitioner's motion to stay this matter.

### III. CONCLUSION

Petitioner's motion to stay is granted. Petitioner is directed to file a status report with this Court when the Missouri Supreme Court issues any decision related to his state habeas proceedings. The status report should attach the Missouri Supreme Court's decision.

 IT IS SO ORDERED.

/s/ <u>Ortrie D. Smith</u>
ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 28, 2016         UNITED STATES DISTRICT COURT